IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

MOSAIC LEASING, LLC.,

       Plaintiff/Counter Defendant

vs.

JET LINX AVIATION, LLC,

       Defendant / Counter Claimant.

**8:24CV138**

**ORDER**

This matter is before the court on Plaintiff/Counter Defendant Mosaic Leasing, LLC's ("Mosaic") Motion in Limine, seeking an order prohibiting Defendant/Counter Claimant Jet Linx Aviation, LLC ("Jet Linx") from offering testimony or opinions that were not disclosed through initial disclosures or written discovery. Citing Federal Rules of Civil Procedure 26 and 37, Mosaic further seeks to prohibit Jet Linx from offering evidence or information from documents that were not disclosed through initial disclosures or written discovery. (Filing No. 57). Jet Linx filed a response brief (Filing No. 62) on April 20, 2026. No reply brief was filed, and the motion is deemed fully submitted.

Under Federal Rule of Civil Procedure 26(a), the failure to disclose in a timely manner is equivalent to a failure to disclose. *See Vogt v. State Farm Life Ins. Co.,* 963 F.3d 753, 771 (8th Cir. 2020) (quoting *Wegener v. Johnson,* 527 F.3d 687, 692 (8th Cir. 2008)). Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless*." Vanderberg v. Petco Animal Supplies Stores, Inc*., 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 37(c)(1). The advisory committee notes describe this as

"a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion" for sanctions. *Id.* (citing Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment). "[B]y its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use the information 'on a motion, at a hearing, or at a trial.'" *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 435 (8th Cir. 2019) (quoting Fed. R. Civ. P. 37(c)(1)).

Mosaic's motion as to expert witness testimony is based solely upon the expiration of case progression deadlines. Mosaic notes that Jet Linx was required to identify experts by January 26, 2026, and complete expert disclosures by March 2, 2026. (Filing No. 58, citing Filing No. 56). Mosaic seeks to exclude any expert testimony or reports as there were no experts identified and no reports disclosed. There is no evidence in the record that Jet Linx has actually retained an expert, indicated any intent to introduce expert testimony from a non-retained expert, or sought to reopen the expired deadline. Jet Linx acknowledges in its brief that it "has not yet designated any witnesses or exhibits which it intends to offer at trial" (Filing No. 62 at 2) and neither party filed a dispositive motion prior to the expiration of the deadline. (Filing No. 56). Jet Linx has not sought to use any information on a motion, at a hearing, or at trial. *See Fed. R. Civ. P.* 37(c)(1). As such, there is no live controversy for which the court can appropriately enter relief. *See Petrone,* 940 F.3d at 435.

As to any undisclosed document discovery, the written discovery deadline in this case expired on August 15, 2025. (Filing No. 49). The deadline for filing motions to compel was extended to September 22, 2025, for Jet Linx to serve responses to certain outstanding discovery requests. (Filing No. 53). The deadline for filing motions to compel written discovery as to the outstanding discovery requests was extended to October 6, 2025. (Filing No. 53). Mosaic did not bring any discovery issues to the court's attention prior to the expiration of that deadline. However, based upon representations of counsel, during the telephonic status conference on April 7, 2026, the parties were working together to identify and share documents "which Plaintiffs believes are missing" from the prior disclosures,

despite the expiration of the written disclosure deadline. (See Filing No 59, Minute Entry). Jet Linx's brief notes that it provided a folder missing from prior discovery on April 7, 2026, which contained "22 documents regarding pilot services and a spreadsheet summarizing the data in those documents." (Filing No. 62). The court will consider these documents to be timely disclosed as the disclosure was discussed with the court and anticipated by the parties during the April 7, 2026 status conference. If there are additional materials that Defendant failed to disclose on or before April 7, 2026, but then attempts to use, that issue should be addressed at that time.

On April 7, 2026, the court set this matter for a jury trial, which appears to have been done in error. In its response brief, Jet Linx notes that Mosaic's motion in limine is unnecessary because motions in limine are not intended for bench trials and any objections to evidence will be raised and determined at the pre-trial conference. (Filing No. 62). Upon review of the record, Plaintiff's Complaint (Filing No. 1) and Amended Complaint (Filing No. 11) included a jury demand, but the jury demand was removed from the Second Amended Complaint (Filing No. 12). Defendant's response notes a jury trial is specifically precluded by the parties' contract" (Filing No. 62, citing Filing No. 24-3), and the parties checked the box for "No party has timely demanded a jury trial" in the Amended 26(f) Report (Filing No. 46). Accordingly, the court will enter an order amending Filing No. 60 to set a *non-jury* trial.

IT IS ORDERED:

1. Plaintiff's Motion in Limine is denied.   (Filing No. 57).
2. An amended trial setting order is forthcoming.

Dated this 30th day of April, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge